UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEAL DAVIS,<br><br>   *Plaintiff,*<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.,<br><br>   *Defendant.* | §<br>§<br>§<br>§<br>§   Case No. 3:16-CV-01312-L<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE ON MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

Defendant Martin Marietta Materials, Inc. ("Martin Marietta") previously filed a Summary Judgment Reply, which in part objected to Plaintiff's sham affidavit testimony, declarations from untimely witnesses, and Plaintiff's interrogatory answers. (Dkt. 35). Plaintiff has now filed a Response to Defendant's Motion to Strike Summary Judgment Evidence (Dkt. 39), which prompts this Reply.

**A.   Sham affidavit testimony is not admissible.**

Plaintiff's Summary Judgment Response repeatedly relied on passages from Plaintiff's Affidavit that directly contradicted his earlier deposition testimony. Martin Marietta's Reply repeatedly sought to strike this sham affidavit testimony from the summary judgment record. *See* Reply (Dkt. 35), pp. 2-7. Plaintiff's Response to Motion to Strike (Dkt. 39) does not address Plaintiff's use of affidavit testimony that directly contradicts his prior deposition testimony. Accordingly, the suspect passages from Plaintiff's Affidavit should be stricken.

1

**B.      Post-discovery disclosures of new witnesses are not timely.**

On May 12, 2016, Martin Marietta removed Plaintiff's lawsuit to this Court (Dkt. 1), and the Court promptly entered the original Scheduling Order with a discovery deadline of June 2, 2017. (Dkt. 6, p. 4). Plaintiff later sought a stay and approximately two years and ten months later requested removal of the stay. The Court entered an Order denying in part Plaintiff's Motion to Reopen the Case. (Dkt. 14). Specifically, the Court rejected Plaintiff's attempt to add a new cause of action because the amendment deadline had expired roughly three years earlier (before the stay was entered), and Plaintiff had neither sought leave nor provided "good cause" to amend post-deadline. (Dkt. 14, p. 2). Shortly thereafter, the Court entered its First Amended Scheduling Order ("Amended Order") with a discovery deadline of September 4, 2020. (Dkt. 18, p. 4). Thus, based on Plaintiff's extended stay, discovery ended roughly four years and four months after Plaintiff filed his case.

The Amended Order stated in bold and italics: "***A motion for an extension of any deadline set herein must be made prior to its expiration.***" (Dkt. 18, p. 8) Accordingly, when the discovery period expired on September 4, 2020, discovery was over. As Plaintiff's Response admits, on September 23, 2020, Plaintiff served amended disclosures, which purported to add five previously undisclosed witnesses, *after* the discovery deadline and two days before the summary judgment deadline. Plaintiff never moved for leave to reopen discovery or otherwise obtain permission to disclose new witnesses. Instead, when responding to summary judgment, Plaintiff submitted declarations from two of the five untimely witnesses with no explanation, excuse, or request for leave. Defendant promptly moved to strike the declarations of Yzquierdo and Prah.

Plaintiff now (incorrectly) argues that it is timely to wait until after the discovery deadline before disclosing witnesses. Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

2

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Accordingly, a court may "exclude a witness's testimony where the disclosing party did not identify additional witnesses prior to the close of discovery and offers no persuasive explanation for the failure to comply with the discovery deadline." *State Auto. Mutual Ins. Co. v. Freehold Mgt., Inc.,* 2018 WL 3616921, *3 (N.D. Tex. July 26, 2018) (court denies motion for leave to designate expert witness two days after discovery deadline because enforcement of local rules and scheduling orders is important).

Here, Plaintiff never requested leave likely because Plaintiff is not even close to meeting the "good cause" standard.[1] In *Garvin v. Arcturus Venture Partners Inc.*, this Court rejected an unopposed motion for leave to extend the discovery deadline because the case was already three years old and plaintiff's lack of diligence was not "good cause." 2018 WL 3391988, *4 (N.D. Tex. July 11, 2018). Here, Plaintiff's case is approaching five years old, and Plaintiff's excuse for late disclosure is that he forgot about a list that he created.

Counsel for Plaintiff does not and cannot explain why Plaintiff needed a list to identify people he already thought were witnesses. If counsel for Plaintiff had exercised diligence in collecting discovery information from Plaintiff, these names would have been revealed years ago. A multi-year lack of diligence does not establish good cause—and Plaintiff has not even argued he can meet the standard.[2] Accordingly, the Yzquierdo Declaration and Prah Declaration should be stricken from the summary judgment record.

---

[1] The Court's Order denying in part Plaintiff's Motion to Reopen has a footnote that defines "good cause" when seeking leave to amend after a scheduling order deadline. (Dkt. 14, p. 2).

[2] Plaintiff suggests that Defendant is at fault because Defendant did not agree to reopen discovery when the summary judgment deadline was two days away. Defendant had no interest in reopening discovery to depose five new witnesses (i) after the case had already been pending for more than five years, (ii) after the discovery deadline had passed and Plaintiff had no

**C.    Plaintiff's late-filed verification page does not make his interrogatories admissible.**

Under Federal Rule of Civil Procedure 56(c)(4), Plaintiff's summary judgment evidence may include "[a]n affidavit or declaration . . . made on personal knowledge, set[ting] out facts that would be admissible in evidence, and show[ing] that the affiant or declarant is competent to testify on the matters stated." The question, thus, is whether Plaintiff's late-filed verification page somehow transforms his interrogatory answers into an admissible affidavit. *See Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965) (in the context of summary judgment, "verified pleadings [must] meet the standards for affidavits . . . Moreover, verification must be on personal knowledge alone, whereas these petitions were verified only on 'knowledge, information and belief.'") (internal citations omitted).

Plaintiff's Verification Page states:

> I, Neal Davis, believe**, <u>based on reasonable inquiry</u>,** that the [Interrogatories] are true and correct <u>to the best of my knowledge, information, and belief</u>. I verify under penalty of perjury that the foregoing is true and correct. (Dkt.39-1, p. 15) (emphasis added).

This statement does not transform Plaintiff's verified interrogatory responses into competent summary judgment evidence, as they must be based on personal knowledge alone. *See Fowler*, 343 F.3d at 154*; see also Bolen v. Dengel*, 340 F.3d 300, 313 (5th Cir. 2003), as amended (Oct. 1, 2003) ("Rule 56(e) requires statements in affidavits to be based on personal knowledge and not based on information and belief."); *Caudillo ex rel. Caudillo v. Lubbock Indep. Sch. Dist.*, 311 F. Supp. 2d 550, 558 (N.D. Tex. 2004) ("Affidavits, or portions thereof, that are not based on personal knowledge or that are based merely on information and belief cannot be considered in deciding a motion for summary judgment."). Because Plaintiff's verification is "based on

---

explanation beyond lack of diligence for late disclosures, and (iii) after Defendant had already prepared the draft summary judgment brief.

reasonable inquiry . . . to the best of my knowledge, information and belief," Plaintiff's interrogatory responses are not admissible summary judgment evidence.

WHEREAS, Defendant Martin Marietta Materials, Inc. requests that the Court strike and not consider Plaintiff's summary judgment materials identified herein as well as in Defendant's Reply to Motion for Summary Judgment, and grant such additional and further relief to which Defendant may be entitled.

Respectfully submitted,

/s/  Mike Birrer
Mike Birrer
  Texas State Bar No. 00783662
  mbirrer@ccsb.com
Chelsea Glover
  Texas State Bar No. 24097738
  cglover@ccsb.com
CARRINGTON, COLEMAN,
   SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333

**Attorneys for Defendant Martin Marietta Materials, Inc.**

5