

Mike Birrer<br>
Attorney<br>
(214) 855.3113<br>
mbirrer@ccsb.com

March 10, 2021

***Via ECF Filing***
Honorable Sam A. Lindsay
1100 Commerce Street, Room 1544
Dallas, Texas  75242-1003

      Re: *Davis v. Martin Marietta Materials, Inc.*, Cause No. 3:16-cv-01312-L.

Dear Judge Lindsay:

      I represent Defendant Martin Marietta Materials, Inc. During this morning's hearing (Doc. 42), the Court asked me about the qualifications of Bridgette Hurst, the person Martin Marietta selected for the HR position. Defendant respectfully submits this additional information on that question. Ms. Hurst's resume is in Plaintiff's Appendix: Doc. 34-1, App. 71-72. The document does not reflect Ms. Hurst's job history for the months between leaving Martin Marietta HR and returning to Martin Marietta HR.  However, it explains Ms. Hurst's human resources experience with Martin Marietta and also explains her prior multi-year experience as assistant/administrator for FKP Architects where she (i) handled new-hire paperwork and orientation, (ii) participated in the interview process for new hires, (iii) coordinated training, and other matters. *Id.* App. 71-72. Further, Ms. Hurst's resume shows her job experience as a restaurant assistant manager where she managed staff, redeveloped operating procedures, and resolved employee conflicts.  *Id.* App. 72.

      Plaintiff did not submit his own resume as evidence; rather, Plaintiff submitted his military discharge certificate (Doc. 34-1, App. 1) and his employment history record (Doc. 34-1, App. 2). Plaintiff's employment history reflects that for the roughly eight years that he worked for Martin Marietta before applying for the open HR position, he worked in hourly positions as crewmember, team member, or attendant—nothing noting supervision or human resources. (*See* Pl. App. 2)

      As for Martin Marietta's decision, Plaintiff admitted in his deposition that Martin Marietta need not consider Ms. Hurst's resume to evaluate her for the position:

  Q. Okay. So setting aside resumes, would it be fair to say that Martin Marietta didn't
  have to look at a resume to know whether Bridgette Hurst could successfully perform the
  job because she had already performed the job. Correct?

  A. That's correct.

  Q. So they knew how Bridgette Hurst would fulfill the role. Correct?



> A. Correct.

Doc. 34-1, App. 68, Pl. Dep. 90:14-25.

Separately, while preparing for today's hearing, I noticed a mistake in Defendant's reply brief: the parenthetical after *Nichols v. Lewis Grocer*, 138 F.3d 563, 569–70 (5th Cir. 1998) incorrectly indicates that the Fifth Circuit affirmed summary judgment. Doc. 35 at 9. The parenthetical should have said that the Fifth Circuit reversed and rendered in favor of the employer for the reasons indicated.

Respectfully submitted,

Mike Birrer

cc: Counsel for Plaintiff (via ECF service)